**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL ROBBINS,

      Petitioner,

v.                                 Case No. 12-11098

DEBRA SCUTT,

      Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT, DENYING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, Michael Robbins, petitions *pro se* for a writ of habeas corpus under 28

U.S.C. § 2254.  Petitioner, incarcerated at the G. Robert Cotton Correctional Facility in

Jackson, Michigan, challenges his convictions for second-degree murder, felon in

possession of a firearm, and possession of a firearm during the commission of a felony.

Respondent moves for summary judgment, arguing that the petition was not timely filed.

Petitioner has responded to the motion, arguing that he is entitled to equitable tolling of

the limitation period.  For the reasons set forth, the court grants the motion for summary

judgment.

## I.  BACKGROUND

Petitioner was convicted by a jury in Wayne County Circuit Court, and on

September 16, 2005, sentenced to 23-to-50 years in prison for murder and two-to-five

years in prison for felon-in-possession, those sentences to be served concurrently with

one another but consecutively to two years for the felony-firearm conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals, which affirmed. *People v. Robbins*, No. 266045, 2007 WL 778162 (Mich. Ct. App. March 15, 2007). The Michigan Supreme Court denied leave to appeal. *People v. Robbins*, 479 Mich. 864 (Mich. July 30, 2007).

On September 23, 2008, Petitioner, through counsel, filed a motion for relief from judgment in the trial court. The trial court denied the motion on May 15, 2009. *People v. Robbins*, No. 05-005703 (Wayne County Cir. Ct. May 15, 2009). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied. *People v. Robbins*, No. 298026 (Mich. Ct. App. June 8, 2011). The Michigan Supreme Court denied Petitioner's subsequent application for leave to appeal on December 28, 2011. *People v. Robbins*, 490 Mich. 969 (Mich. 2011).

Petitioner filed the pending habeas petition on March 7, 2012.

## II. DISCUSSION

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-

2

conviction relief, while tolling the limitation, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court.  The Michigan Supreme Court denied his application for leave to appeal on July 30, 2007.  Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do.  His conviction therefore became final on October 28, 2007 —the deadline for seeking certiorari.  *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations begins when the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court expires).  The last day on which a petitioner can petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitation period applicable to a habeas corpus petition.  *Id.* at 285.  Accordingly, the limitation period commenced on October 29, 2007, and continued until Petitioner filed a motion for relief from judgment on September 23, 2008.  That motion, a properly filed motion for state-court collateral review, tolled the limitation period with just thirty-five days remaining.  *See* 28 U.S.C. § 2244(d)(2).  The limitation period resumed on December 29, 2011, the day after the Michigan Supreme Court denied Petitioner's application for leave to appeal.  The limitation period then expired on February 1, 2012.  The petition was filed on March 7, 2012, more than a month after the limitation period ended.

Petitioner argues that his filing of a second motion for relief from judgment in the trial court should toll the limitation period, just as the first motion for relief from judgment tolls the limitation period.  Petitioner attempted to file a second motion for relief from

3

judgment in the trial court on January 24, 2012.  The trial court returned the motion

without filing under Michigan Court Rule 6.502(G), which bars successive motions.  The

motion, therefore, was not "properly filed" and did not toll the limitation period.  *Williams*

*v. Birkett*, 670 F.3d 729, 735-36 (6th Cir. 2012) (holding that a second post-conviction

motion denied under Mich. Ct. R. 6.502(G) did not toll AEDPA's one-year limitation

because it was not "properly filed").

Petitioner argues also that the limitation period should be tolled because he is

actually innocent.  A credible claim of actual innocence may equitably toll the one-year

limitation.  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  To determine

whether a petitioner has satisfied the requirements for establishing a cognizable claim

of actual innocence, the court applies "the same actual innocence standard developed

in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), for reviewing a federal habeas

applicant's procedurally defaulted claim."  *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th

Cir. 2007), *citing Souter*, 395 F.3d at 596.  A valid claim of actual innocence requires a

petitioner "to support his allegations of constitutional error with new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

account, or critical physical evidence—that was not presented at trial."  *Schlup*, 513

U.S. at 324.  "The *Schlup* standard is demanding and permits review only in the

'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted).  A

court presented with new evidence must consider it in light of "all the evidence, old and

new, incriminating and exculpatory, without regard to whether it would necessarily be

admitted under rules of admissibility that would govern at trial."  547 U.S. at 538 (citation

omitted).  "Based on this total record, the court must make 'a probabilistic determination

4

about what reasonable, properly instructed jurors would do.'" *Id.* (*quoting Schlup*, 513 U.S. at 329).  This standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

For "new evidence," Petitioner argues that he was advised in late 2011 that the cocktail of psychiatric and pain medicines he was taking at the time of the murder could produce hallucinations.  These hallucinations, he argues, could negate the malice element of second-degree murder.  That is, if he were experiencing hallucinations, he could not have formed the intent to kill, the intent to do great bodily harm, or the intent to do an act in wanton and willful disregard of the tendency of such behavior to cause death or great bodily harm.  *People v. Aaron*, 409 Mich. 672 (1980).

The evidence presented at trial to support a finding of malice was no less than substantial.  Petitioner shot the victim eight times, three of those in the back.  One witness testified that after Petitioner fired several shots at the victim from his porch, Petitioner followed the victim toward the street and continued shooting at him.  Another witness testified that, as the victim lay in the street dying in a pool of blood, Petitioner stood over him making hostile comments.

At best, Petitioner's "new evidence" does no more than raise an unsubstantiated *possibility* that his medications *might* have had negative side effects.  This unsupported, conclusory claim is not equivalent to "exculpatory scientific evidence, trustworthy eyewitness

account, or critical physical evidence" and falls far short of satisfying the "demanding" *Schlup* actual innocence standard.

The petition is untimely and does not qualify for equitable tolling.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The conclusion that a limitation bars the petition arises as a matter of simple mathematics.  And the record is replete with evidence that Petitioner ended his victim's

6

life wilfully and maliciously.  The court concludes that no reasonable jurist would find the petition timely and, therefore, denies a certificate of appealability.

### IV.  CONCLUSION

The court finds that Petitioner failed to file his habeas petition within the applicable one-year limitation period.  Accordingly,

IT IS ORDERED that Respondent's Motion for Summary Judgment is GRANTED and that the petition for a writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 1, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522